UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

MICHELLE HOLT,

     Plaintiff,

v.

MRS BPO, L.L.C.,

     Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, MICHELLE HOLT ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, MRS BPO, L.L.C. ("Defendant") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     In connection with collection of an alleged debt in default, Plaintiff sent Defendant written communication dated September 14, 2011, in which Plaintiff stated, in relevant part(s), as follows:

> "I am demanding that all calls and messages made to my cellphone cease and desist, whether you are calling for me, or the stranger whom you keep calling and leaving messages for." In its voicemail message on July 19, 2011 at 11:40 A.M., Defendant failed to provide the initial disclosures required pursuant to 15 U.S.C. § 1692g(a).

> (See copy of letter dated September 14, 2011, attached hereto as Exhibit "A").

12.     Additionally, Plaintiff informed Defendant in her September 14, 2011 letter, that Plaintiff did not owe the debt and that Defendant had been calling Plaintiff's cellular telephone and asking for a person that is not Plaintiff.  (See Exhibit "A").

13.     Plaintiff further stated in her letter of September 14, 2011 as follows:

"Be advised that if you are calling to reach me, knowing that you are a collection agency and knowing that I don't owe you anything, just to be thorough, I dispute the debt and all alleged debt(s).
* * * * *

I also demand that you provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the alleged amount(s) you claim and when this alleged debt was charged off.

(See Exhibit "A").

14.     Defendant received Plaintiff's letter on September 20, 2011 via certified mail. (See copy of certified mail receipt, attached hereto as Exhibit "B").

15.     Despite receiving Plaintiff's request to cease all telephonic communication, Defendant placed non-emergency calls to Plaintiff's cellular telephone, including but not limited to, the following:

1.     October 13, 2011 at 10:46 A.M.
2.     October 19, 2011 at 10:00 A.M.
3.     October 21, 2011 at 11:13 A.M.
4.     November 4, 2011 at 4:53 P.M.
5.     November 8, 2011 at 11:46 A.M.
6.     November 11, 2011 at 6:47 P.M.
7.     November 16, 2011 at 2:34 P.M.
8.     November 19, 2011 at 1:39 P.M.
9.     November 25, 2011 at 1:53 P.M.
10.    December 5, 2011 at 7:18 P.M.

16.     Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic

telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the ten (10) above referenced calls and the following:

- September 13, 2011 at 4:24 P.M.
- September 13, 2011 at 5:28 P.M.
- September 13, 2011 at 7:45 P.M.

## COUNT I

17.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT IV</u>

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

25.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of April, 2012.

Respectfully submitted,
**MICHELLE HOLT**

By: s/ Alex Weisberg
ALEX D. WEISBERG
ARDC#: 6271510
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com