UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 1:12-cv-02571

MICHELLE HOLT,

    Plaintiff,

v.

MRS BPO, L.L.C.,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff, Michelle Holt ("Plaintiff"), by and through her undersigned counsel, hereby moves this Court to compel Defendant, MRS BPO, LLC ("Defendant"), to produce documents in response to Plaintiff's supplemental request for production. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION.

Plaintiff served Defendant with a single supplemental request for production seeking Defendant's telephone records for five specific days. The request was narrowly tailored to strike at the heart of Plaintiff's claims, the measure of damages and Defendant's defenses; nonetheless Defendant responded with a series of boilerplate objections. This Court should enter an order compelling Defendant to turn over the requested telephone records because this information is relevant, and Defendant's objections are inadequately supported and deemed waived.

### II. PROCEDURAL HISTORY.

On April 9, 2012, Plaintiff filed her complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. 1). On July 2, 2012, Defendant filed its answer with affirmative defenses. (Doc. 12).

On December 18, 2012, Plaintiff served a single supplemental request for production on Defendant. (*See* Plaintiff's supplemental request for production attached hereto as Exhibit "1"). On January 15, 2013, Defendant served its response to Plaintiff's supplemental request for production. (*See* Defendant's response to Plaintiff's supplemental request for production attached hereto as Exhibit "2"). Defendant's response was insufficient, evasive and inadequate. (*See* Exhibit "2"). On January 16, 2013, Plaintiff sent Defendant written correspondence regarding its insufficient response, and requested a Rule 37 conference to resolve the issue expeditiously. (*See* request for rule 37 conference attached hereto as exhibit "3"). On January 22, 2013, the parties, through their representatives, conducted a Rule 37 conference regarding Plaintiff's supplemental request for production; the parties, however, could not come to an agreement.

### III. STANDARD OF REVIEW.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This includes "discovery that appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Information is relevant to the subject matter if the information might reasonably assist a party in evaluating its case, preparing for trial, or facilitating settlement. *Hickman v. Taylor*, 329 U.S. 495, 506-7 (1947). Plaintiff is therefore entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case . . . [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Where a party fails to answer a propounded interrogatory or otherwise fails to respond to a discovery request, the opposing party may move the Court to compel an answer to said discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Moreover, "evasive or incomplete" discovery responses are treated the same as outright failure to respond to a discovery request. Fed. R. Civ. P. 37(a)(4).

**IV. THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE TELEPHONE RECORDS REQUESTED.**

Plaintiff requested Defendant's telephone records for five specific days. (*See* Exhibit "1"). This request was calculated to lead to the discovery of admissible evidence relating to Defendant's efforts to collect the alleged debt from Plaintiff, as well as Defendant's affirmative defenses. *Id.*

In response, Defendant asserted a series of boilerplate objections to Plaintiff's Request that Defendant did not properly support with detailed explanations as required under the Federal Rules of Civil Procedure. Therefore, Defendant's objections are waived, and the Court should compel production of the requested telephone records.

**A. Defendant's Telephone Records Are Relevant To Plaintiff's Claims.**

Plaintiff's FDCPA, and TCPA claims are based on Defendant placing calls to her cellular telephone. (Doc. 1). To prevail on her FDCPA claim pursuant to 15 U.S.C. § 1692c(c), Plaintiff must prove that Defendant contacted her after receiving a written request that it cease further contact. 15 U.S.C. § 1692c(c). To prevail on her TCPA claim pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff must prove that Defendant placed calls to her cellular telephone using an automated dialing device or pre-recorded voice. 47 U.S.C. § 227(b).

Throughout the course of litigating this case, Defendant has repeatedly and vehemently asserted that it had not called Plaintiff. (*See e.g.* Doc. 12, ¶¶15, 16). Nonetheless, Defendant

produced copies of Plaintiff's telephone records it had subpoenaed that indicate Plaintiff did, in fact, receive calls from a phone number which unquestionably belongs to the Defendant. (Exhibit "4"). Defendant contends that these records do not show that Defendant placed calls to Plaintiff's phone, but rather Defendant dialed another number that was then rerouted to Plaintiff. (Doc. 29-2). In fact, counsel for the Defendant, in conversations with Plaintiff's counsel, has accused Plaintiff of somehow intentionally forwarding calls that she received from Defendant on a different phone, to her cell phone, so that she could argue that Defendant called her cell phone directly.

Defendant's call records are the best way to determine what numbers Defendant actually called on the dates in question. Thus Defendant's call records strike to the very heart of Plaintiff's claims, and if deprived of this information, Plaintiff's ability to prove her case will be prejudiced. Therefore, this Court should compel discovery of the Defendant's telephone records.

### B. Defendant's Telephone Records Are Relevant To The Amount Of Statutory Damages Plaintiff May Recover.

The FDCPA provides for statutory damages, and allows the Court, in calculating the amount of statutory damages, to consider such factors as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The TCPA also allows for damages based on the number of calls placed, as well as treble statutory damages "if the court finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3)(C).

Plaintiff has alleged Defendant placed repeated calls to her cellular telephone after she sent it a cease and desist letter. (Doc. 1). Defendant's telephone records are expected to show the number of calls Defendant placed to Plaintiff's cellular phone, and that it dialed her number.

Defendant's telephone records are therefore relevant to the number and willfulness of Defendant's alleged violations, both factors that will affect Plaintiff's damages.

Indeed, due to the potential treble recovery provided by the TCPA, the requested discovery may radically impact the settlement value of Plaintiff's case. Without the Defendant's telephone records, Plaintiff is unable to fully evaluate Defendant's potential liability. Therefore, this Court should compel discovery of the Defendant's telephone records.

### C. Defendant's Telephone Records Are Relevant To Defendant's Defenses.

One of Defendant's affirmative defenses is the bona fide error defense, which shields debt collectors from liability under the FDCPA if they can show by a preponderance of the evidence that their violations were 1) not intentional and 2) resulted from a bona fide error despite 3) procedures reasonably adapted to avoid such violation. (See Doc. 12); *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009).

Defendant's telephone records are expected to show that Defendant dialed Plaintiff's cellular telephone number as alleged in Plaintiff's complaint. (*See* Doc. 1). This information is relevant to the intent and error elements of Defendant's bona fide error defense. Without the Defendant's telephone records, Plaintiff's ability to evaluate and counter Defendant's bona fide error defense will be unfairly prejudiced. This Court should compel Defendant to provide its telephone records.

### D. Defendant's Objections Are Insufficient And Therefore Waived.

The party resisting discovery has the burden of establishing facts justifying its objection. *See Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *3 (N.D. Ill. July 29, 2002). This "burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, or irrelevant." *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 2110133 at *2 (N.D. Ill. May

25, 2011) (quoting *United Auto. Ins. v. Veluchamy,* No. 09 C 5487, 2010 WL 749980, at *5 (N.D. Ill. March 4.2010) (finding boilerplate objections waived as improper)).

"An objection to a document request must clearly specify the objection and how that objection relates to the documents being demanded." *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997) (denying boilerplate "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evidence" objection).

Defendant's objection does not meet the burden described in *Davis*. Plaintiff's supplemental request for production reads as follows:

> **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 1:** All call logs, telephone records and other documentation evidencing any and all outgoing calls made by Defendant on the following dates:
> (a) September 12, 2011;
> (b) September 13, 2011;
> (c) September 19, 2011;
> (d) September 24, 2011; and
> (e) January 18, 2012.

Exhibit "1" Request No. 1.

Defendant's response to Plaintiff's supplemental request for production reads as follows:

> **DEFENDANT'S RESPONSE:** Defendant objects to Request No.1 on the grounds that it is overly board as it not narrowly tailored to the allegations set forth in Plaintiff's complaint and seeks information that is not relevant and not likely to lead to the discovery of relevant evidence.

Exhibit "2" Request No. 1.

Defendant's response to supplemental request for production number 1 consists of skeletal objections. Defendant did not clearly specify its objection and how its objection related to the documents requested. A failure to make particularized objections to document requests

constitutes a waiver of those objections. *See* Fed. R. Civ. P. 34; Sabol *v. Brooks,* 469 F. Supp. 2d 324, 328-29 (D. Md. 2006). Significant, Defendant responded to Plaintiff's supplemental request with nearly the exact boilerplate regurgitation that the court advised was insufficient in *Buonauro. See Buonauro* at *2. Defendant's objections are therefore deemed waived. *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mutual Fire Ins. Co.*, 2:10-CV-753-FTM-36, 2011 WL 3841557, at *3 (M.D. Fla. 2011).

Even if Defendant's improper objections were not waived, Plaintiff's discovery request is not overly broad, as it only seeks telephone records for five days, and as discussed above, the information sought is relevant. This Court should compel discovery of Defendant's telephone records for the days requested.

V.   **CONCLUSION**

This Court should grant Plaintiff's Motion to Compel Better Answers so that Plaintiff may adequately prepare and present her case, including by preparing and filing dispositive motions. The documents sought are relevant to Plaintiff's claims, the measure of damages, and Defendant's affirmative defenses. Defendant's objections are insufficient and are waived, therefore Plaintiff's motion should be granted.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order compelling Defendant to produce all outstanding responsive documents and information addressed herein, and granting any further relief that this Court deems just and proper.

Respectfully submitted,
**MICHELLE HOLT**

By: s/ Alex D. Weisberg
Alex D. Weisberg
 ARDC#: 6271510
 WEISBERG & MEYERS, LLC
 ATTORNEYS FOR PLAINTIFF
 5722 S. Flamingo Road, #656

        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com

## CERTIFICATION PURSUANT TO LOCAL RULE 37.2

On January 22, 2013, at 2:00 P.M. CST, Alex Weisberg, Esq. for Plaintiff and John E. Brigandi, Esq. for Defendant, consulted by telephone in good faith to resolve the discovery issues set forth in the instant motion. After a good faith consultation via email and telephone, the parties were unable to reach an accord.

## CERTIFICATE OF FILING

I certify that on February 1, 2013, I electronically filed the foregoing Motion with the clerk of the U.S. District Court using the electronic case filing system of the court, which will send notice of electronic filing to all counsel of record.

        By: s/ Alex D. Weisberg
        Alex D. Weisberg
        ARDC#: 6271510
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Road, #656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com