UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 1:12-cv-02571

MICHELLE HOLT,

    Plaintiff,

v.

MRS BPO, L.L.C.,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Michelle Holt ("Holt") is entitled to summary judgment as to her Telephone Consumer Protection Act ("TCPA"), claims against MRS BPO, LLC ("MRS"). In considering Holt's motion, the court need address one straightforward issue:

> The TCPA prohibits placing non-emergency calls to a cellular telephone number with an automated dialing device, unless the caller has prior express consent to call. MRS placed nineteen non-emergency calls to Holt's cellular telephone using an automated dialing device. MRS admits it did not have Holt's prior express consent to call. Should this court grant Holt's motion for partial summary judgment?

**I. INTRODUCTION**

The undisputed facts in this matter demonstrate that Holt is entitled to summary judgment as to her TCPA claims against MRS. The TCPA outlaws non-emergency calls to a cellular telephone number made with an automated dialing device, unless the caller has prior express consent to call. Holt has photographic proof MRS's calls, as well as telephone records proving her number was both the called and dialed number. MRS admits that it makes all of its outbound calls with a predictive dialer unless it knows the called number is a cellular telephone. MRS admits that it did not have the information it would need to avoid autodialing Holt's telephone.

Further MRS admits it has no records of manually dialed calls to Holt's cellular telephone number—records it admits it would have if it had manually dialed her telephone number. MRS admits that it did not have Holt's prior express consent, and that it did not place any calls for emergency purposes, thus MRS violated the TCPA, and Holt is entitled to summary judgment.

## II. STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Oates v. Discovery Zone,* 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A moving party is entitled to summary judgment "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a movant meets its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The TCPA imposes a strict liability standard; however courts are free to award treble damages for knowing or willful violations. *CE Design Ltd. v. Prism Bus. Media, Inc.*, 07 C 5838, 2009 WL 2496568 (N.D. Ill. Aug. 12, 2009) *aff'd sub nom. CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. 2010).

**III. THE UNDISPUTED FACTS WARRANT JUDGMENT IN FAVOR OF HOLT, AND AGAINST MRS, ON HER CLAIMS UNDER THE TCPA.**

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

**A. MRS Used An "Automatic Telephone Dialing System" To Make No Less Than Nineteen Calls To Holt's Cellular Telephone Number.**

The TCPA prohibits any person from using an "automatic telephone dialing system" to make telephone calls to a cellular telephone number, except in an emergency or with the recipient's prior express consent. *Id*.

**1. Predictive Dialers Fall Within The Definition Of An Automatic Telephone Dialing System.**

The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In 2002, the FCC declared that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd 14014,

14093 (July 3, 2003).[1] The FCC premised its statement regarding predictive dialers against the backdrop of "whether Congress intended the definition of 'automatic telephone dialing system' to be broad enough to include any equipment that dials numbers automatically, either by producing 10–digit telephone numbers arbitrarily or generating them from a database of existing telephone numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 17 FCC Rcd 17459, 17474 (September 18, 2002). The FCC explained:

> [T]o exclude from [the restrictions on automated and prerecorded calls] equipment that use [sic] predictive dialing software from the definition of "automated telephone dialing equipment" simply because it relies on a given set of numbers would lead to an unintended result. Calls to emergency numbers, health care facilities, and wireless numbers would be permissible when the dialing equipment is paired with predictive dialing software and a database of numbers, but prohibited when the equipment operates independently of such lists and software packages. We believe the purpose of the requirement that equipment have the "capacity to store or produce telephone numbers to be called" is to ensure that the prohibition on autodialed calls not be circumvented.

*Id.* at 14092-93.

In 2008, in response to a request for clarification, the FCC "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd 559, 566 (Jan. 4, 2008).

Courts across the country have uniformly followed the FCC's rulings and held that predictive dialers are covered by the TCPA. *See Meyer v. Portfolio Recovery Associates, LLC*, 696 F.3d 943, 949-50 (9th Cir. 2012); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129

---

[1] The FCC's final orders are binding on this Court under the Hobbs Act. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *CE Design Ltd. v. Prism Bus. Media, Inc.,* 606 F.3d 443, 446–50 (7th Cir.2010).

(W.D. Wash. 2012) ("A predictive dialer is considered an ATDS under the TCPA."); *Griffith v. Consumer Portfolio Serv., Inc.*, No. 10 C 2697, 2011 WL 3609012, at *2-3 (N.D. Ill. Aug. 16, 2011); *Frydman v. Portfolio Recovery Associates, LLC*, No. 11 CV 524, 2011 WL 2560221, at *4-5 (N.D. Ill. June 28, 2011); *Tovar v. Midland Credit Mgmt.*, No. 10CV2600 MMA MDD, 2011 WL 1431988, at *3 (S.D. Cal. Apr. 13, 2011) ("The FCC ruled predictive dialers used by debt collectors fall within the meaning of autodialers, thereby refusing to carve out an exception for debt collectors."); *Robinson v. Midland Funding, LLC*, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *5 (S.D. Cal. Apr. 13, 2011) (same); *Vance v. Bureau of Collection Recovery LLC*, No. 10-CV-06324, 2011 WL 881550, at *2 (N.D. Ill. Mar. 11, 2011) ("[T]he FCC has indicated, and other courts have held, that predictive dialing systems do meet the definition of devices prohibited by the TCPA."); *Hicks v. Client Services, Inc.*, No. 07-61822-CIV-DIMITRO, 2009 WL 2365637, at *5 (S.D. Fla. June 9, 2009) ("This type of device, which calls a set of numbers without human intervention, falls under the FCC definition of automatic telephone dialing systems.").

        **2.**    **MRS Used A Predictive Dialer To Make Calls To Holt's Cellular Telephone.**

The undisputed evidence shows that all of the calls MRS made to Holt's cellular telephone were made by a predictive dialer. MRS concedes it uses a predictive dialer to make all of its outbound collection calls unless it knows the number to be called is a cellular telephone, in which case its representatives dial the number manually. *See* SOF ¶13. Here, MRS was not able to locate any account information for Holt, thus there was no way for MRS to know to divert from its standard practice of using a predictive dialer. *See* SOF ¶15. Further, if one of MRS's employees had manually dialed Holt's number—none did—MRS concedes it would have a record of the call. *See* SOF ¶¶15, 20. MRS has no records showing that it manually dialed any

of the nineteen calls Holt received. *See* SOF ¶¶9, 20. Thus, MRS's calls were initiated with its predictive dialer.

### B. MRS Did Not Obtain Holt's "Prior Express Consent" To Place Automated Debt Collection Calls To Her Cellular Telephone Number.

MRS admits that it did not have Holt's prior express consent to dial her cellular telephone number with a predictive dialer. *See* SOF ¶10.

### C. MRS Did Not Initiate Any Telephone Calls To Holt's Cellular Telephone Number For Emergency Purposes.

MRS admits that it did not place any calls to Holt's cellular telephone for emergency purposes. *See* SOF ¶18.

### D. Holt Is Entitled To No Less Than $9,500 For MRS's Violations Of The TCPA, And Requests The Court To Find MRS Acted Willfully And Knowingly.

The TCPA provides that the called party is entitled to recover not less than $500.00 per violative phone call. 47 U.S.C. § 227(b)(3)(B); *see also Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 631-32 (6th Cir. 2009) ("damages are awardable on a per-call basis"). Because MRS placed 19 calls in violation of the TCPA, Holt is entitled to no less than $9,500.00 for MRS's violations of the TCPA.

Where the Court finds the calls are made willfully or knowingly, it may, in its discretion, award treble damages. 47 U.S.C. § 227(b)(3). Although neither the TCPA nor FCC regulations define the terms "willfully" or "knowingly," courts have generally interpreted willfulness to imply only that an action itself was intentional. *Smith v. Wade,* 461 U.S. 30, 41 n.8 (1983). Noteworthy, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation." *See Sengenberger v. Credit Control Services, Inc.*, No. 09C2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010); *Bridgeview Health Care Ctr.*

*Ltd. v. Clark*, 09 C 5601, 2013 WL 1154206 at *7 (N.D. Ill. Mar. 19, 2013); *see also Dubsky v. Advanced Cellular Communications, Inc.*, No. 2003 CV 00652, 2004 WL 503757, at *2 (Ohio Com. Pl. Feb. 24, 2004) ("The definition of the term 'willfully' is merely that the defendant acted voluntarily, and under its own free will, and regardless of whether the defendant knew that it was acting in violation of the statute.").

In this case, MRS admits that it did not have Holt's express consent. *See* SOF ¶10. Sixteen of the calls placed to Holt's cellular telephone occurred after MRS had received Holt's written cease and desist. *See* SOF ¶¶7-9. MRS's continued calls after receiving Holt's cease and desist manifest the intent necessary for the Court to award treble damages. Holt therefore requests that the Court find MRS liable in the amount of $1,500.00 per phone call—which amounts to $27,000.00—due to its violations of the TCPA

## IV. CONCLUSION

Holt is entitled to summary judgment on her TCPA claims. Holt presents undeniable evidence of nineteen calls received from MRS. MRS admits that it uses a predictive dialer, a technology that qualifies as an automated telephone dialing system for the purpose of the TCPA, that it did not have Holt's prior express consent, and that it did not dial Holt's number for emergency purposes. MRS also admits that did not have the information it needed to avoid using its predictive dialer, or records showing it manually dialed Holt's cellular telephone. MRS's continued calls after receiving Holt's cease and desist manifest the intent necessary for the Court to award treble damages.

WHEREFORE, Holt respectfully requests that this Court enter an order granting summary judgment in Holt's favor on her claims under the TCPA.

>Respectfully submitted,
>**MICHELLE HOLT**
>
>By: s/ Alex D. Weisberg
>Alex D. Weisberg
>ARDC#: 6271510
>WEISBERG & MEYERS, LLC
>ATTORNEYS FOR PLAINTIFF
>5722 S. Flamingo Road, #656
>Cooper City, FL 33330
>(954) 212-2184
>(866) 577-0963 fax
>aweisberg@attorneysforconsumers.com

**CERTIFICATE OF FILING**

I certify that on April 15, 2013, I electronically filed the foregoing Motion with the clerk of the U.S. District Court using the electronic case filing system of the court, which will send notice of electronic filing to all counsel of record.

>By: s/ Alex D. Weisberg
>Alex D. Weisberg