UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 1:12-cv-02571

MICHELLE HOLT,

    Plaintiff,

v.

MRS BPO, L.L.C.,

    Defendant.

_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Pursuant to L.R. 56.1, Plaintiff, Michelle Hot ("Holt"), by and through her attorneys, Weisberg & Meyers, LLC, hereby submits her Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment.

1. Holt is a natural person residing in Cook County, Illinois. (*See* Declaration of Michelle Holt, attached hereto as Exhibit "A," ¶¶ 2-5).

2. Defendant, MRS BPO, LLC ("MRS") is a limited liability company which at all relevant times was engaged in the business of debt collection. (*See* Exhibit "A" ¶¶ 2-5; *see also* Deposition of William Barnshaw, attached hereto as Exhibit "C" p. 29 lines 22-24, p.28 lines 1-24, p. 105 lines 1-7).

3. MRS uses the mails, and the telephone, in its debt collection business. (*See* Exhibit "C" p. 29 lines 22-24, p.28 lines 1-24, p. 105 lines 1-7, p. 29 lines 8-21, p. 30 lines 5-16, p. 31, lines 8-24, *see also* Defendant's Answers to Plaintiff's First Request for Admissions, Attached hereto as Exhibit "D," Nos. 6 and 7).

4.  MRS admits that it only collects consumer debts. (*See* Exhibit "C" p. 29 lines 22-24).

5.  MRS placed repeated calls to Holt's cellular telephone number, (773) 540-4760, from telephone number (877) 553-3114. (*See* Exhibit "A" ¶¶ 3-4, 11; Exhibit "C" p. 28 lines 1-24, p. 50 Lines 19-25, Caller ID Photos attached as Exhibit "3" to Declaration of Michelle Holt).

6.  During one of Holt's communications with MRS, MRS's representative told Holt that MRS is a debt collector and that MRS was attempting to collect a debt from a person Holt did not, and still does not know. (*See* Exhibit "A" ¶ 4.)

7.  On September 14, 2011, Holt, with the help of her sister, sent MRS a letter demanding that it cease and desist from placing telephone calls to her cellular telephone. Holt's letter further advised MRS that she did not owe a debt to MRS, and that MRS had been calling her cellular telephone and asking for a person other than herself. Holt's letter also requested validation of the alleged debt. (*See* Exhibit "A" ¶¶ 6-8; *see also* Exhibit "1" to Declaration of Michelle Holt).

8.  Holt mailed her letter certified mail, and MRS received Holt's letter on September 20, 2011. (*See* Exhibit "A" ¶ 10, and Exhibit "2" to Declaration of Michelle Holt).

9.  MRS placed calls to Holt's cellular telephone, on the following dates and times:

    1. September 12, 2011 at 2:03 P.M
    2. September 13, 2011 at 7:45 P.M.,
    3. September 19, 2011 at 8:34 A.M.,
    4. September 24, 2011 at 8:07 A.M.,
    5. October 13, 2011 at 10:46 A.M.,
    6. October 19, 2011 at 10:00 A.M.,
    7. November 4, 2011 at 4:53 P.M.,
    8. November 8, 2011 at 11:46 A.M.,
    9. November 11, 2011 at 6:47 P.M.,
    10. November 16, 2011 at 2:34 P.M.,
    11. November 19, 2011 at 1:39 P.M.,
    12. November 25, 2011 at 1:53 P.M.,

      13. December 5, 2011 at 7:18 P.M.,
      14. January 3, 2012 at 3:26 P.M.,
      15. January 5, 2012 at 4:17 P.M.,
      16. January 9, 2012 at 5:10 P.M.,
      17. January 11, 2012 at 1:27 P.M.,
      18. January 12, 2012 at 3:10 P.M., and
      19. January 18, 2012 at 2:28 P.M.

(*See* Exhibit "A" ¶ 11, Exhibit "3" to Declaration of Michelle Holt, *see also* Telephone Records attached hereto as Exhibit "B").

    10.    MRS admits that it did not have Holt's prior express consent to call her cellular telephone. (*See* Exhibit "D" No. 34).

    11.    MRS makes use of a predictive dialer in its debt collection business. (*See* Exhibit "C" p. 90 lines 19-25).

    12.    MRS's predictive dialer has the capacity to store and dial telephone numbers. (*See* Exhibit "C" p. 90 lines 19-25).

    13.    All of MRS's outbound calls are made by a predictive dialer unless MRS has knowledge that the number called is a cellular telephone. (*See* Exhibit "C" p. 91 lines 1-18).

    14.    MRS does not investigate the telephone numbers it receives from its clients to ensure they are correct, and MRS admits that the only way for them to verify a phone number for a consumer is to actually speak to the consumer to verify the number is correct. (*See* Exhibit "C" p. 32 lines 8-20).

    15.    MRS admits it could not find records of an account for Holt, or of manually dialed calls to or from Holt. (*See* Exhibit "C" p. 100 lines 7-9).

    16.    MRS has no written records showing the results of any queries it made in its call records for Holt's telephone number. MRS's Chief Operating Officer merely took his

employee's word that a search had been completed, and that Holt's call information had not been found. (*See* Exhibit "C" p. 59 lines 6-21).

17. MRS does not place any calls to consumers for any purpose other than to collect a debts. (*See* Exhibit "C" p. 29 lines 22-24, p. 30 lines 5-16, p. 28 lines 1-24).

18. MRS did not place any calls to Holt's cellular telephone for emergency purposes. (*See* Exhibit D, No. 33).

19. MRS does not maintain a procedure that would prevent post cease and desist calls from being placed to a consumer whose account MRS could not locate in its system, and whose number did not appear in MRS's calling system. (*See* Exhibit "C" p. 90 lines 15-25).

20. MRS admits that if one of its collectors had manually dialed Holt's number, it would have a record of the call. (*See* Exhibit "C" p. 34 lines 6-10).

21. Holt's telephone records show calls placed by MRS's (877) 553-3114 telephone number to Holt's (773) 540-4760 cellular telephone number. The calls depicted in these records indicate that both the number dialed and called was Holt's (773) 540-4760 cellular telephone number. (*See* Exhibit "B" p. 4-8).

22. MRS admits that (877) 553-3114 was one of its telephone numbers during the time that Holt received calls from telephone number (877) 553-3114. (*See* Exhibit "C" p. 51 lines 4-7).

23. Before sending her September 14, 2011 letter, Holt had spoken with MRS representatives regarding the calls to her cellular telephone, each time, the MRS's representative advised that the calls to her cellular telephone would cease. (*See* Exhibit "A" ¶ 14).

        Respectfully submitted,
        **MICHELLE HOLT**

        By: s/ Alex D. Weisberg
        Alex D. Weisberg
        ARDC#: 6271510
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Road, #656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com

## CERTIFICATE OF FILING

I certify that on April 15, 2013, I electronically filed the foregoing Statement of Material Facts with the clerk of the U.S. District Court using the electronic case filing system of the court, which will send notice of electronic filing to all counsel of record.

        By: s/ Alex D. Weisberg
             Alex D. Weisberg