UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

------------------------------------------------------X
MICHELLE HOLT,

                Plaintiff,

-against-

Civil Action No. : 1:12-CV-02571

MRS BPO, LLC.,

                Defendant.
------------------------------------------------------X

Defendant MRS BPO, LLC ("MRS"), by and through its counsel, files this motion for partial summary judgment as to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims (15 U.S.C. §§1692c(c), 1692e(2)(A) and 1692e(10)), as follows:

I.    **INTRODUCTION**

In order to bring a claim pursuant to the FDCPA, a threshold requirement is that the plaintiff prove that the complained-of behavior took place in connection with the attempted collection of a consumer debt (the "Debt Threshold" or the "Threshold"). Typically, the plaintiff is the debtor, and he/she has knowledge of the nature of the debt. As a result, the Debt Threshold is usually not a difficult requirement to satisfy. Sometimes, however, as here, the plaintiff is a so-called "wrong party"; that is, they are not the debtor the collection agency was trying to reach. It then becomes a little more complicated for the "wrong party" plaintiff to demonstrate that the collector was attempting to collect a consumer debt. Usually, the wrong party knows nothing about the debtor and the nature of his/her debt. However, what the wrong party should know is

the name of the person the collector was trying to reach. And that usually leads to enough information to satisfy the Debt Threshold, as follows:

If the wrong party informs his/her attorney that the collector calling her was looking for a "Robert Brown," for example, the attorney will impart that information to the collection agency's attorney. The collection agency can then look up the collection file of Robert Brown, and the telephone number of the wrong party. This provides the collection agency with a wealth of information. For example, the collection agency can then confirm it had mistakenly (or not) called the wrong party's telephone number in an attempt to reach Robert Brown to collect the debt he owes on his personal credit card - clearly a consumer debt.

In the instant matter, however, Plaintiff Michelle Holt is unable to provide MRS, or this Court, with the name of the debtor MRS was supposedly trying to reach when it allegedly called her "incessantly" on her cellular telephone. This is true despite the fact that Ms. Holt testified at her deposition that MRS had called her "more than 50 times" - - most of which were voicemail messages -- asking for the alleged debtor. (See Deposition of Michelle Holt, attached as Exhibit A to the Declaration of Cindy D. Salvo, Esq. ("Salvo Decl."), 43:17-23).

Ms. Holt testified she could not remember the name of the person MRS was allegedly calling (Id. at 28:15-16), and that, as for the voicemail messages, "[o]nce I know (sic) it was them, I didn't listen to [the voicemail messages] any more." (Id. at 46:2-4).

Furthermore, the cellular telephone number set forth by Plaintiff (773-350-4760) (the "Cellular Telephone Number") provided no help in identifying a debtor's account. MRS conducted extensive searches of its state-of-the-art telephone system (which keeps a record of all calls made or received by MRS)[1] for the Cellular Telephone Number, with no results. This was

---

[1] Declaration of William Michael Perkins ("Perkins Decl."), ¶3.

2

corroborated by the records that Sprint produced pursuant to subpoena (the "Sprint Telephone Records"). In the Sprint Telephone Records, there were only five calls from the MRS telephone number (877-553-3114) to the Cellular Telephone Number. However, those calls had not been directly dialed by MRS. Rather, they had been "routed" to the Cellular Telephone Number. That is, MRS had dialed a different telephone number entirely (listed by Sprint under the heading "Dialed Digits"), and the call had then been transferred to Plaintiff's Cellular Telephone Number, by persons unknown.

As a result, Plaintiff can simply not establish that any calls allegedly made to the Cellular Telephone Number by MRS were made in furtherance of the collection of a consumer debt. This is fatal to her FDCPA claims, and the instant motion for partial summary judgment should be granted.

## II.     LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

"[I]f a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment is appropriate." Cross v. Meijer, Inc., 2005 WL 2154520, *7 (N.D.Ind., Sept. 2, 2005).

## III.    PLAINTIFF FAILS TO ESTABLISH THE EXISTENCE OF AN ESSENTIAL ELEMENT OF HER FDCPA CLAIMS -- THE ATTEMPTED COLLECTION OF A CONSUMER DEBT

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a [consumer] debt." Mabe v. GC Services Ltd. Partnership, 32 F.3d 86, 88 (4th Cir. 1994). "It is therefore necessary that the plaintiff allege and prove . . . that

the alleged obligation arose out of a transaction [for personal, family, or household purposes], in order to fall within the ambit of the Act." Battye v. Child Support Services, Inc., 873 F.Supp. 103, 105 (N.D.Ill. Dec.14, 1994). See also Rice v. Palisades Acquisition XVI, LLC., 2008 WL538921 at *3 (N.D.Ill. Feb. 25, 2008)("In order for the FDCPA to be applicable, a plaintiff must allege that the defendant engaged in a prohibited practice in order to collect a debt."); Smith v. EVB, 438 Fed.Appx. 176, 179 (4th Cir. 2011)("[I]n order for the FDCPA to apply, the regulated practices must be used to collect a debt."); Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004)("A threshold issue in a suit brought under the [FDCPA] is whether or not the dispute involves a "debt" within the meaning of the statute."); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir.1998)("The existence of a "debt" [is] a threshold requirement."); Ritchie v. Cavalry Portfolio Services, LLC., 2011 WL 309055, *1 (M.D.Fla., Jan 27, 2011)("A crucial element of Plaintiff's claim [is] that the debt at issue was a consumer debt.").

Here, Plaintiff is unable to provide MRS, or this Court, with the name of the debtor that MRS was allegedly trying to contact, despite the fact that Plaintiff contends that more than 50 calls were made to her Cellular Telephone Number.

Plaintiff makes a weak attempt to satisfy this threshold requirement by disingenuously alleging in the Complaint both that Plaintiff was the debtor, and that she was not the debtor.

In paragraph 8 of the Complaint, Plaintiff alleges she was "obligated or allegedly obligated to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant." In paragraph 9, she states the debt she allegedly owed "arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes."

In paragraph 12 of the Complaint, however, Plaintiff avers she "did not owe the debt" and that MRS had been calling her and "asking for a person that is not Plaintiff."

It is clear that the Complaint only stated Plaintiff was the debtor in order to aver the existence of a consumer debt. Plaintiff's counsel likely recognized that without such an averment, the Complaint would not stand. But, in truth, there are no facts to support the existence of a consumer debt.

Plaintiff makes a half-hearted attempt to address this argument when she contends, in her Statement of Material Facts submitted in support of her motion for partial summary judgment, that the supposed "debt" "must have been" a consumer debt because "MRS admits that it only collects consumer debts." Plaintiff then references William Barnshaw's deposition testimony wherein Mr. Barshaw, the Chief Executive Officer of MRS, testified that MRS collects only consumer debts. However, Mr. Barnshaw was responding to a question from Plaintiff's counsel which pointedly asked whether MRS collects "consumer or commercial debt." Given those parameters, Mr. Barnshaw responded "consumer," as MRS definitely does not collect commercial debt. However, MRS does collect municipal fines, parking tickets, etc. See Declaration of William Michael Perkins ("Perkins Decl."), ¶2. These are not "debts" and they are not covered by the FDCPA. See Gulley v. Markoff & Krasny, 664 F.3d 1073, 1075 (7th Cir. 2011) ("[M]unicipal fines . . . cannot reasonably be understood as 'debts' arising from consensual consumer transactions for goods and services"). Thus, one cannot say for certain that if MRS was attempting to collect a debt here (which MRS obviously denies), it was necessarily a consumer debt. See Parking Fine Letter, attached as Exhibit A to the Perkins Decl.

Therefore, in light of the fact that: (1) Plaintiff has not provided the Court with the name of the debtor allegedly being called by MRS; (2) the Sprint Telephone Records demonstrate that

5

the Cellular Telephone Number was never directly dialed by MRS; and (3) MRS was unable to find the Cellular Telephone Number, or a collection account in connection therewith, among its records, Plaintiff has failed to establish that the complained-of behavior in this action occurred in the context of the attempted collection of a consumer debt. By not meeting this threshold requirement, Plaintiff's FDCPA claims fail. The instant motion for partial summary judgment as to the FDCPA claims should, therefore, be granted.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, MRS BPO, LLC. respectfully requests that its motion for partial summary judgment be granted, dismissing Plaintiff's claims pursuant to §§1692c(c), 1692e(2)(A) and 1692e(10) of the Fair Debt Collection Practices Act.

Dated: May 28, 2013

THE SALVO LAW FIRM, PC

By: /s/ Cindy D. Salvo
     CINDY D. SALVO

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)
csalvo@salvolawfirm.com

Admitted *pro hac vice* for Defendant, MRS BPO, LLC.

## AFFIDAVIT OF SERVICE

The undersigned certifies that on May 28, 2013, a copy of the foregoing was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

For Plaintiff:  Alex Weisberg, Esq.
5722 South Flamingo Road
Suite 656
Cooper City, FL 33330

David Weiss Lipschutz, Esq.
2551 North Clark Street
Suite 405
Chicago, IL 60614

Dated: May 28, 2013                         THE SALVO LAW FIRM, P.C.

                                            By: /s/ John Brigandi
                                                JOHN BRIGANDI