UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

---------------------------------------------------X
MICHELLE HOLT, :
: Civil Action No. : 1:12-CV-02571
                Plaintiff, :
-against- :
:
:
:
MRS BPO, LLC., :
:
                Defendant. :
:
:
---------------------------------------------------X

## DECLARATION OF JOHN E. BRIGANDI IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR TO DEEM FACTS AS TRUE

John E. Brigandi, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1. I am an associate with The Salvo Law Firm, P.C., and am fully familiar with the records and history of this matter. I make this Declaration in opposition to Plaintiff's motion for Default Judgment or to Deem Facts As True.

2. On or about September 26, 2012, I drafted and served a subpoena on Sprint, seeking the telephone records for Plaintiff's Number for the time period August 1, 2011 through September 26, 2012 (the "First Subpoena").

3. On October 11, 2012, Ms. Salvo forwarded me an e-mail she had received from Sprint. She asked me to review the attachments and send a copy to Plaintiff's counsel. I was going to be taking the depositions of Plaintiff and her sister, Kimberly

Holt, and so I wanted to review and analyze the telephone records in preparation for these depositions.

4. The documents attached to the e-mail were an Excel spreadsheet containing a list of calls to Plaintiff's cell phone (the "Telephone Records"), a document called a "Key to Understanding CDMA Call Detail Reports (the "Key"), and a cover letter from Sprint (the "First Cover Letter").

5. Subsequently, I began an in-depth review of the Telephone Records. It listed five (5) of the nineteen calls which Plaintiff claims were made to her by Defendant. I informed Ms. Salvo of this.

6. On November 26, 2012, I served Plaintiff's counsel, Alex Weisberg, by e-mail, with copies of Defendant's Responses to Plaintiff's Interrogatories, Defendant's Responses to Plaintiff's Request for Production of Documents, the Telephone Records and the Key. Unfortunately, I inadvertently did not produce the First Cover Letter.

7. I have tried to recall exactly what happened, and why I did not send the First Cover Letter to Mr. Weisberg, but this incident was over a year ago and I really cannot remember. I believe I likely just forgot about the document. I do not believe that I gave more than a cursory glance at the First Cover Letter when I first saw it, dismissing it as non-substantive. The one thing I am certain of is, not forwarding the First Cover Letter was not a deliberate attempt to "hide" this document.

8. On or about November 21, 2011, I drafted and sent a second subpoena to Sprint (the "Second Subpoena"). In the Second Subpoena, Defendant sought telephone records for the telephone numbers listed in the "Dialed Digits" column, as well as actual monthly telephone bills for Plaintiff and her sister, Kimberly. I sent Plaintiff's counsel a

copy of the Second Subpoena. Attached hereto as Exhibit A is a true and correct copy of that e-mail.

9. On December 10, 2012, Ms. Salvo forwarded me an e-mail she had received from Sprint which had three attachments - an Excel spreadsheet, and two other attachments. Ms. Salvo asked me what documents Sprint had provided in response to the Second Subpoena. I opened the Excel spreadsheet and saw a document (the "Amended Telephone Records") that appeared identical to the Telephone Records already sent by Sprint. At the top of every page of the Amended Telephone Records it stated, "Call Records for PTN 773-540-4760"; that is, Plaintiff's Number. This is identical to what was at the top of the Telephone Records.

10. I scrolled to the bottom of the Amended Telephone Records and saw that it was the only document produced. There were no monthly telephone bills for Plaintiff or her sister, nor anything related to the Dialed Digits numbers. It appeared to me to be a duplicate of what had already been produced, and definitely not something in response to the Second Subpoena. I informed Ms. Salvo that what Sprint had sent was just a duplicate of what had already been sent by Sprint. It did not occur to me that the Amended Telephone Records might have additional data because I had never reviewed the First Cover Letter, so I was unaware of any "storage related issue."

11. I did not did not open the two other documents attached to the December 10, 2012 e-mail, nor send a copy to Plaintiff's counsel, because I believed it all was a duplicate of the other records.

12. On or about January 10, 2014, Ms. Salvo spoke to me when I came into the office. She asked me about a December 10, 2012 e-mail from Sprint to her, which

3

she could not find, and about certified copies of documents that were supposedly mailed to the office by Sprint. I reminded her that Sprint did send a December 10, 2012 e-mail to her because she had then forwarded it to me and that that e-mail had attached a "duplicate" of the Telephone Records. I also said I did not remember seeing any mail from Sprint which included certified copies of documents.

13. It was then that I learned, for the first time, that I had failed to produce three documents to Plaintiff's counsel. I deeply regret this error. It was completely innocent and inadvertent and was not done for the purpose of "hiding" any information.

14. I have never had a sanctions motion filed against me, nor have any disciplinary issues ever arisen since I was admitted to the Bar in 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2014

_____
JOHN L. BRIGANDI

4